MICHAEL R. CRUISE          7334-0
cruise@lyslaw.com
RAFAEL K. RENTERIA         9202-0
renteria@lyslaw.com
LEAVITT, YAMANE & SOLDNER
Pacific Guardian Center – Mauka Tower
737 Bishop Street, Suite 1740
Honolulu, Hawaii 96813
Telephone:    (808) 521-7474
Facsimile:    (808) 521-7749

Attorneys for Plaintiff
ASHLEY COOPER

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-22-0000534**
**06-MAY-2022**
**12:30 PM**
**Dkt. 1 CMPS**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ASHLEY COOPER,<br><br>Plaintiff,<br><br>v.<br><br>VIGOR MARINE, LLC; VIGOR INDUSTRIAL, LLC; BRANDSAFWAY INDUSTRIES, LLC; BRANDSAFWAY, LLC; BRANDSAFWAY SERVICES, LLC; BRANDSAFWAY SOLUTIONS, LLC; DOE INDIVIDUALS 1 – 10; DOE CORPORATIONS 1 – 10; DOE PARTNERSHIPS 1 – 10; and DOE ENTITIES 1 – 10,<br><br>Defendants. | Civil No. _____<br>(Other Non-Vehicle Tort)<br><br><br>COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

COMPLAINT

Plaintiff ASHLEY COOPER, by and through her undersigned counsel, alleges for her

causes of actions against the above-referenced defendants, as follows:

I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawai`i.
Dated at: Honolulu, Hawai`i 19-MAY-2022, /s/ Lori Ann Okita, Clerk of the First Judicial Circuit, State of Hawai`i



**EXHIBIT A**

## PARTIES

1.     At all times relevant herein, Plaintiff ASHLEY COOPER ("Plaintiff"), was a resident of Washington state.

2.     At all times relevant herein, Defendants VIGOR MARINE, LLC and VIGOR INDUSTRIAL, LLC (collectively "VIGOR") were foreign limited liability companies doing business within the State of Hawaii.

3.     At all times relevant herein, Defendants BRANDSAFWAY INDUSTRIES, LLC, BRANDSAFWAY, LLC, BRANDSAFWAY SERVICES, LLC, and BRANDSAFWAY SOLUTIONS, LLC (collectively "BRANDSAFWAY") were foreign limited liability companies doing business within the State of Hawaii.

4.     DOE INDIVIDUALS 1 – 10; DOE CORPORATIONS 1 – 10; DOE PARTNERSHIPS 1 – 10; and DOE ENTITIES 1 – 10 (collectively "DOE Defendants") are named under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff, except that they are connected in some manner with Defendants, and are agents, servants, employees, employers, representatives, co-ventures, associates, or independent contractors of Defendants and/or were in some manner presently unknown to Plaintiff engaged in the activities alleged herein; and/or were in some manner responsible for the injuries or damages to Plaintiff; and/or who conducted some activities in an intentional or negligent or reckless or dangerous manner, which intentional or negligent or reckless or dangerous conduct was a legal cause of injuries or damages to Plaintiff; and/or who are in some manner related to the named Defendants.  Plaintiff has made good faith and diligent efforts to identify said DOE Defendants but at this time is unable to identify the names and identities of the persons and/or entities.  Plaintiff prays for leave to insert herein their true names and capacities, and/or

responsibilities when the same are ascertained.

5.      At all times herein mentioned, VIGOR, BRANDSAFWAY, and the DOE

Defendants (collectively "Defendants"), and each of them, were agents and/or employees and/or

servants and/or partners and/or alter egos of each remaining defendant and at all times herein

mentioned were acting as alter ego or within the purpose and scope of said agency, partnership,

employment, and/or relationship with the consent, authorization, permission, or ratification of

co-defendants, and each of them.

JURISDICTION AND VENUE

6.      The Court has personal jurisdiction over the above-named Defendants pursuant to

Haw. Rev. Stat. §634-35, as the Defendants either reside or have conducted business in this

Circuit so as to subject themselves to the jurisdiction of the Court.

7.      The Court has subject matter jurisdiction over the present action pursuant to Haw.

Rev. Stat. §603-21.5.

8.      Venue is proper in this Court pursuant to §603-36, Haw. Rev. Stat.

COUNT I
(Negligence and Misconduct of VIGOR)

9.      On and around August 21, 2021, Plaintiff was employed by International Marine

and Industrial Applicators, LLC ("IMIA") to work aboard the USS *William P. Lawrence* (DDG-

110) (the "Vessel") in dry dock at Pearl Harbor Naval Shipyard to perform industrial painting,

blasting, cleaning, and other related work in a containment.

10.     On August 21, 2021, Plaintiff noticed a hole in the containment aboard the

Vessel, and observed contaminants coming out of the hole.

3

11.     Due to the hazard of contaminants being released from the containment, Plaintiff located a hose attached to a Quiet Cube industrial vacuum, which was left on before her shift, and attempted to vacuum the contaminants coming out of the hole.

12.     As Plaintiff was trying to vacuum up the contaminants coming out of the hole in the containment, her right arm was sucked into one of the hoses of the Quiet Cube industrial vacuum, which lacked a kill switch and guards over the opening of the hose, causing ongoing and severe injuries.

13.     VIGOR was the general contractor on the job site where Plaintiff was injured on August 21, 2021.

14.     VIGOR had contracted Plaintiff's employer IMIA to perform a scope of work that included painting, blasting and/or cleaning of the Vessel.

15.     On and before August 21, 2021, VIGOR had actual or constructive knowledge of the presence of the Quiet Cube industrial vacuum on the job site where Plaintiff was injured, including its lack of a kill switch and its lack of safety guards, including on the hose which sucked Plaintiff's right arm, and had actual or constructive knowledge of individuals improperly leaving the vacuum on following use.

16.     On and before August 21, 2021, VIGOR had actual or constructive knowledge of various dangers, including of serious physical injury or death, arising from the use of the Quiet Cube industrial vacuum on the job site.

17.     On and before August 21, 2021, VIGOR had actual or constructive knowledge of the improper construction of the containment, its unreasonable propensity to breach, and the risk of serious physical injury or death due to a breach.

18.     Despite the above actual or constructive knowledge, VIGOR did not take adequate actions on or before August 21, 2021, to inspect the job site where Plaintiff was injured, warn individuals of the risks associated with the Quiet Cube industrial vacuum, warn individuals of the risks associated with the containment, train individuals working at the job site on how to use the Quiet Cube industrial vacuum, train individuals on working in the containment, and train individuals on what to do in the event of a breach of the containment.

19.     VIGOR owed a duty to Plaintiff to use due and reasonable care and caution in the operation, instructions, warnings, inspections, maintenance, construction, and use of the job site where Plaintiff was injured.

20.     At all material times, VIGOR should have expected that Plaintiff would not discover or realize the risks associated with the Quiet Cube industrial vacuum and the containment, and would not be able to protect herself against these risks.

21.     VIGOR failed to exercise reasonable care to protect Plaintiff and was further negligent in, among other things:

        a)      failing to adequately maintain the job site where Plaintiff was injured;

        b)      failing to adequately inspect the job site where Plaintiff was injured;

        c)      failing to adequately train individuals working at the job site where Plaintiff was injured;

        d)      failing to adequately warn individuals working at the job site where Plaintiff was injured;

        e)      failing to ensure the proper usage of the Quiet Cube industrial vacuum at the job site where Plaintiff was injured, including, but not limited to, failing to train individuals regarding the vacuum and failing to ensure that individuals turned the vacuum off after usage;

f)        failing to ensure that the Quiet Cube industrial vacuum had adequate and

proper safety guards and a kill switch;

g)        failing to ensure that the containment aboard the Vessel was constructed

properly, well maintained, and did not have an unreasonable propensity to breach;

and otherwise acted so negligently as to cause Plaintiff's right arm to be sucked into one of the

hoses of the Quiet Cube industrial vacuum, causing Plaintiff to sustain severe injuries, *inter alia*,

to her right arm and body.

22.     The above conduct of VIGOR demonstrated both a departure from reasonable

care, in addition to a conscious awareness of the risks of harm.

23.     In addition to being negligent as set forth above, this conduct of VIGOR was

grossly negligent, reckless, wanton and in knowing disregard of the risk of serious physical harm

to Plaintiff, and this misconduct caused the above-described incident and resulting injuries to

Plaintiff.

24.     As a result of the incident, Plaintiff was hurt and injured in her health, strength,

and activity, sustaining injury to her body and shock and injury to her nervous system and

person, all of which said injuries have caused and continue to cause Plaintiff great mental,

physical and nervous pain and suffering, and Plaintiff alleges upon information and belief that

said injuries will result in some permanent disability to Plaintiff, all to her general damage

according to proof.

25.     As a further result of the incident, Plaintiff was required to and did employ

physicians and other health care providers for medical examination, care and treatment of said

injuries, and Plaintiff alleges upon information and belief that she will require such services in

the future.  The cost and reasonable value of the health care services received and to be received

by Plaintiff is presently unknown to her, and Plaintiff prays leave to insert the elements of damages in this respect when the same are finally determined.

26.    As a further result of the incident, Plaintiff has suffered and will continue in the future to suffer loss of income in a presently unascertained sum, and Plaintiff prays for leave to insert the elements of damage in this respect when the same are finally determined.

COUNT II
(Negligence and Misconduct of BRANDSAFWAY)

27.    Plaintiff realleges and incorporates by reference paragraphs 1 through 26 set forth above.

28.    BRANDSAFWAY was the subcontractor that constructed and maintained the containment which breached and where Plaintiff was injured.

29.    On and before August 21, 2021, BRANDSAFWAY had actual or constructive knowledge of the presence of the Quiet Cube industrial vacuum on the job site where Plaintiff was injured, including its lack of a kill switch and its lack of safety guards including on the hose which sucked Plaintiff's right arm, and had actual or constructive knowledge of individuals improperly leaving the vacuum on following use.

30.    On and before August 21, 2021, BRANDSAFWAY had actual or constructive knowledge of various dangers, including of serious physical injury or death, arising from the use of the Quiet Cube industrial vacuum on the job site where Plaintiff was injured.

31.    On and before August 21, 2021, BRANDSAFWAY had actual or constructive knowledge of the improper construction of the containment, its unreasonable propensity to breach, and the risk of serious physical injury or death due to a breach.

32.    Despite the above actual or constructive knowledge, BRANDSAFWAY did not take adequate actions on or before August 21, 2021, to inspect the job site where Plaintiff was

injured, properly construct and maintain the containment, warn individuals of the risks associated with the Quiet Cube industrial vacuum, warn individuals of the risks associated with the containment, train individuals working at the job site where Plaintiff was injured on how to use the Quiet Cube industrial vacuum, train individuals on working in the containment, and train individuals on what to do in the event of a breach of the containment.

33.     BRANDSAFWAY owed a duty to Plaintiff to use due and reasonable care and caution in the operation, instructions, warnings, inspections, maintenance, construction, and use of the containment where Plaintiff was injured.

34.     At all material times, BRANDSAFWAY should have expected that Plaintiff would not discover or realize the risks associated with the Quiet Cube industrial vacuum and the containment, and would not be able to protect herself against these risks.

35.     BRANDSAFWAY failed to exercise reasonable care to protect Plaintiff and was further negligent in, among other things:

    a)     failing to adequately construct the containment where Plaintiff was injured;

    b)     failing to adequately maintain the containment where Plaintiff was injured;

    c)     failing to adequately inspect the containment where Plaintiff was injured;

    d)     failing to adequately train individuals working at or in the containment where Plaintiff was injured, including, but not limited to, failing to train individuals on what actions to take in the event of a breach;

    e)     failing to adequately warn individuals working at or in the containment where Plaintiff was injured;

f)      failing to ensure the proper usage of the Quiet Cube industrial vacuum at

the job site where Plaintiff was injured, including, but not limited to,

failing to ensure that individuals turned the vacuum off after usage;

g)      failing to ensure that the Quiet Cube industrial vacuum had adequate and

proper safety guards and a kill switch;

h)      failing to ensure that the containment aboard the Vessel was constructed

and maintained properly and did not have an unreasonable propensity to

breach; and otherwise acted so negligently as to cause Plaintiff's right arm

to be sucked into one of the hoses of the Quiet Cube industrial vacuum,

causing Plaintiff to sustain severe injuries, *inter alia*, to her right arm and

body.

36.     The above conduct of BRANDSAFWAY demonstrated both a departure from

reasonable care, in addition to a conscious awareness of the risks of harm.

37.     In addition to being negligent as set forth above, this conduct of

BRANDSAFWAY was grossly negligent, reckless, wanton and in knowing disregard of the risk

of serious physical harm to Plaintiff, and this misconduct caused the above described incident

and resulting injuries to Plaintiff.

38.     As a result of the incident, Plaintiff was hurt and injured in her health, strength,

and activity, sustaining injury to her body and shock and injury to her nervous system and

person, all of which said injuries have caused and continue to cause Plaintiff great mental,

physical and nervous pain and suffering, and Plaintiff alleges upon information and belief that

said injuries will result in some permanent disability to Plaintiff, all to her general damage

according to proof.

39.     As a further result of the incident, Plaintiff was required to and did employ physicians and other health care providers for medical examination, care and treatment of said injuries, and Plaintiff alleges upon information and belief that she may require such services in the future.  The cost and reasonable value of the health care services received and to be received by Plaintiff is presently unknown to her, and Plaintiff prays leave to insert the elements of damages in this respect when the same are finally determined.

40.     As a further result of the incident, Plaintiff has suffered and will continue in the future to suffer loss of income in a presently unascertained sum, and Plaintiff prays for leave to insert the elements of damage in this respect when the same are finally determined.

## COUNT III
(Negligence and Gross Negligence against DOE Defendants)

41.     Plaintiff restates and incorporates by reference the allegations contained in the above paragraphs, as if restated herein in their entirety, as to the DOE Defendants.

## COUNT IV
(Punitive Damages)

42.     Plaintiff herein incorporates by reference the allegations contained in the above paragraphs, as if restated herein in their entirety.

43.     The conduct of Defendants that resulted in causing injuries and damage to Plaintiff was willful, wanton, malicious, oppressive, grossly negligent, and committed in knowing disregard of the rights and physical safety of the Plaintiff.

44.     As a result of said conduct, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants above-named, jointly and severally, for the following:

A.     Special damages as will be proven at trial;

10

B.      General damages: the amount of damages is within the minimum jurisdictional

amount of this Court;

C.      Punitive damages;

D.      Prejudgment interest at the statutory rate until judgment is entered;

E.      Attorneys' fees and costs of suit;

F.      Such other and further relief as the Court may deem just and equitable.

DATED:  Honolulu, Hawaii, May 6, 2022.


                                                    /s/Michael R. Cruise
                                                    MICHAEL R. CRUISE
                                                    RAFAEL K. RENTERIA
                                                    Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ASHLEY COOPER,<br><br>     Plaintiff,<br><br> v.<br><br>VIGOR MARINE, LLC; VIGOR<br>INDUSTRIAL, LLC; BRANDSAFWAY<br>INDUSTRIES, LLC; BRANDSAFWAY,<br>LLC; BRANDSAFWAY SERVICES, LLC;<br>BRANDSAFWAY SOLUTIONS, LLC;<br>DOE INDIVIDUALS 1 – 10; DOE<br>CORPORATIONS 1 – 10; DOE<br>PARTNERSHIPS 1 – 10; AND DOE<br>ENTITIES 1 – 10,<br><br>     Defendants. | Civil No. _____<br>(Other Non-Vehicle Tort)<br><br><br>DEMAND FOR JURY TRIAL |

DEMAND FOR JURY TRIAL

Plaintiff, by and through her attorneys, LEAVITT, YAMANE & SOLDNER, hereby

demand trial by jury on all issues so triable herein.

DATED: Honolulu, Hawaii, May 6, 2022.


             */s/ Michael R. Cruise*_____
             MICHAEL R. CRUISE
             RAFAEL K. RENTERIA
             Attorney for Plaintiffs