```
            IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF HAWAII

ASHLEY COOPER,                    )   Civ. No. 22-00275 HG-RT
                                  )
           Plaintiff,             )
                                  )
      vs.                         )
                                  )
VIGOR MARINE, LLC; VIGOR          )
INDUSTRIAL, LLC; BRANDSAFWAY      )
INDUSTRIES, LLC; BRANDSAFWAY,     )
LLC; BRANDSAFWAY SERVICES, LLC;   )
BRANDSAFWAY SOLUTIONS, LLC;       )
INTERNATIONAL MARINE AND          )
INDUSTRIAL APPLICATORS, LLC;      )
IMIA, LLC; IMIA HOLDINGS, INC.;   )
DOUG EISS, in personam; DOE       )
INDIVIDUALS 1-10; DOE             )
CORPORATIONS 1-10; DOE            )
PARTNERSHIPS 1-10; DOE            )
ENTITIES, 1-10,                   )
                                  )
           Defendants.            )
                                  )
```

**ORDER GRANTING DEFENDANTS INTERNATIONAL MARINE AND INDUSTRIAL APPLICATORS, LLC; IMIA, LLC; IMIA HOLDINGS, INC.; AND, DOUG EISS'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (ECF No. 67) WITH LEAVE TO AMEND**

Plaintiff Ashley Cooper filed a First Amended Complaint alleging that on August 21, 2021, she was employed to work on the U.S.S. William P. Lawrence, a vessel. The vessel was alleged to be located in a graving dock at the Pearl Harbor Naval Shipyard in Hawaii.

Plaintiff claims that she was employed "to perform industrial painting, blasting, cleaning, and other related work in a containment." Plaintiff asserts that she was injured when

1

her right arm was sucked into an industrial vacuum when she was working at the site.

Plaintiff filed her lawsuit seeking damages for her injuries against various sets of entities:

(1) Defendants Vigor Marine, LLC and Vigor Industrial, LLC, which Plaintiff claims were the general contractors on the job site where she was allegedly injured;

(2) Defendants Brandsafway Industries, LLC; Brandsafway, LLC; Brandsafway Services, LLC; and Brandsafway Solutions, LLC, which Plaintiff claims were the subcontractors on the job site where she was allegedly injured;

(3) Defendants International Marine and Industrial Applicators, LLC; IMIA, LLC; IMIA Holdings, Inc. ("the IMIA Defendants") which Plaintiff claims were her "employer as a seaman"; and,

(4) Defendant Doug Eiss, in personam, who Plaintiff claims was her supervisor and was also "employed by IMIA."

Plaintiff's First Amended Complaint asserts, in part:

(1) a Jones Act Negligence claim against "IMIA";

(2) a Jones Act claim for Maintenance, Cure, and Unearned Wages against "IMIA";

(3) Willful and Wanton Misconduct against Eiss; and,

(4) Punitive Damages against all Defendants.

The causes of actions brought against the IMIA Defendants are premised on Plaintiff demonstrating that she was a "seaman" injured in the course of employment pursuant to the Jones Act.

The IMIA Defendants and Doug Eiss move to dismiss the claims against them in the First Amended Complaint, arguing that Plaintiff has failed to state a plausible claim against them. They argue that Plaintiff was not a "seaman" for purposes of the

2

Jones Act. Plaintiff has merely provided a conclusory allegation that she was a seaman with no factual support. They argue that Plaintiff was a longshoreman, not a seaman, and that the Longshore and Harbor Workers' Compensation Act applies to her case instead of the Jones Act.

Defendants International Martine and Industrial Applicators, LLC; IMIA, LLC; IMIA Holdings, Inc.; and Doug Eiss's Motion to Dismiss (ECF No. 67) is **GRANTED**.

Plaintiff is given **LEAVE TO AMEND**.

### PROCEDURAL HISTORY

On May 6, 2022, Plaintiff filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii. (ECF No. 1-3).

On June 17, 2022, Defendants removed the Complaint to the United States District Court for the District of Hawaii. (ECF No. 1).

On February 24, 2023, Plaintiff filed the First Amended Complaint. (ECF No. 36).

On May 22, 2023, Defendants International Martine and Industrial Applicators, LLC; IMIA, LLC; IMIA Holdings, Inc.; and Doug Eiss filed a MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM. (ECF No. 67).

On June 1, 2023, the Parties filed a JOINT MOTION TO EXTEND BRIEFING SCHEDULE REGARDING MOTION TO DISMISS. (ECF No. 69).

On June 2, 2023, the Court granted the Parties' Motion to Extend the Briefing Schedule. (ECF No. 70).

On June 9, 2023, Defendants Brandsafway Industries, LLC; Brandsafway, LLC; Brandsafway Services, LLC; and Brandsafway Solutions, LLC filed a STATEMENT OF NO POSITION as to the Motion to Dismiss.  (ECF No. 71).

On June 9, 2023, Plaintiff filed an Opposition to the IMIA Defendants and Doug Eiss' Motion to Dismiss.  (ECF No. 72).

On June 23, 2023, the IMIA Defendants and Doug Eiss filed their Reply.  (ECF No. 74).

On July 18, 2023, the Court held a hearing on the Motion to Dismiss.  (ECF No. 76).

## BACKGROUND

Plaintiff Ashley Cooper asserts that on August 21, 2021, she was "employed by IMIA."  (First Amended Complaint at ¶ 10, ECF No. 36).  She alleges that she was employed "to work aboard the USS *William P. Lawrence* (DDG-110) (the 'Vessel') in a graving dock at Pearl Harbor Naval Shipyard to perform industrial painting, blasting, cleaning, and other related work in a containment."  (Id.)

Plaintiff states that on August 21, 2021, she was aboard the Vessel when she observed contaminants coming out of a hole in the containment.  (Id. at ¶¶ 11-13).  Plaintiff claims that she tried to vacuum up the contaminants when "her right arm was sucked into one of the hoses of the Quiet Cube industrial vacuum, which lacked a kill switch and guards over the opening of the hose, causing ongoing and severe injuries."  (Id. at ¶ 13).

4

Plaintiff claims that on August 21, 2021, she "was in the employ of IMIA as a seaman." (Id. at ¶ 44). The First Amended Complaint does not identify any specific entity as "IMIA." Plaintiff claims that "IMIA" is responsible for her injuries because it had "actual of constructive knowledge" that the industrial vacuum lacked a kill switch and safety guards, that "IMIA" failed to exercise reasonable care and that "IMIA" was negligent. (Id. at ¶¶ 45-51).

Plaintiff asserts that it was "the duty of IMIA to apprise Plaintiff of her right to seamen's benefits" and to provide her with maintenance, cure, and unearned wages under the Jones Act. (Id. at ¶ 58-61).

Plaintiff asserts that Defendant Doug Eiss "was employed by IMIA in a supervisory capacity responsible for jobsite safety for IMIA's work on the Vessel." (Id. at ¶ 63). Plaintiff claims that Defendant Eiss had knowledge about the dangerousness of the industrial vacuum and the job site and acted "negligently, wilfully, and wantonly in exposing Plaintiff to the Quiet Cube industrial vacuum." (Id. at ¶ 70). Plaintiff seeks damages against Defendant Eiss as a result. (Id. at ¶¶ 73-75).

## STANDARD OF REVIEW

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the Court must

presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. <u>Pareto v. F.D.I.C.</u>, 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. <u>Id.</u>

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id.</u> at 663 (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007)).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." <u>AE ex rel. Hernandez v. Cnty of Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012) (citation and internal quotation marks omitted).

## **ANALYSIS**

The Jones Act permits a "seaman injured in the course of employment" to recover damages against her employer. 46 U.S.C. § 30104.

Plaintiff must establish two threshold requirements in order to bring a negligence claim against her employer pursuant to the Jones Act:

(1) she must establish that she was employed by the defendant at the time of the injury; and,

(2) she must establish that she was a "seaman" within the meaning of the Jones Act.

Holm v. Meyers, 609 F.Supp.3d 1173, 1178 (W.D. Wash. 2022) (citing Norfolk Shipbuilding & Drydock Corp. v. Garris, 532 U.S. 811, 817 (2001)).

### I. Plaintiff Has Not Alleged Which Entity Was Her Employer At The Time Of Her Alleged Injury For Purposes Of Her Jones Act Negligence Claim

In order to state a claim for negligence pursuant to the Jones Act, a plaintiff must establish that she was employed by the defendant at the time of the injury. Holm, 609 F.Supp.3d at 1178; see also Omar v. Sea-Land Service, Inc., 813 F.2d 986, 989 (9th Cir. 1987).

Plaintiff has failed to state facts to establish an employee-employer relationship at the time of the alleged injury on August 21, 2021. The First Amended Complaint asserts that "Plaintiff was in the employ of IMIA as a seaman." (FAC at ¶ 44, ECF No. 36). Plaintiff has sued three different entities that include the initials "IMIA": International Marine and Industrial Applicators, LLC; IMIA, LLC; and IMIA Holdings, Inc.

For purposes of the Jones Act, there can only be one employer. Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783,

791 (1949); see also Belcher v. Sundad, Inc., 2008 WL 2937258, *2 (D. Ore. July 18, 2008). The First Amended Complaint does not specify which of the three named IMIA entities was allegedly Plaintiff's employer at the time of the purported injury. Simply alleging "IMIA" without identifying which particular entity was Plaintiff's employer fails to state a negligence claim pursuant to the Jones Act.

In addition, there are no facts in the First Amended Complaint to establish that any employer-employee relationship existed. A conclusory allegation that Plaintiff was "in the employ" of an entity is insufficient to demonstrate that Plaintiff was an employee for purposes of the Jones Act. See Waters v. Mitchell, 600 F.Supp.3d 1177, 1184-85 (W.D. Wash. 2022).

Allegations in a complaint may not simply recite the elements of a cause of action, but the complaint must contain sufficient allegations of underlying facts to give fair notice to enable the opposing party to defend itself effectively. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

For Jones Act cases, the degree of control exercised over the crew members including factors such as payment, direction, supervision, and source of the power to hire and fire generally determines the employer-employee relationship. See Glynn v. Roy Al Boat Management Corp., 57 F.3d 1495, 1499-1500 (9th Cir. 1995) (abrogated in part by Atlantic Sounding Co., Inc. v. Townsend, 557 U.S. 404, 408 (2009)). Independent contractors, on the other

hand, are ineligible to seek recovery under the Jones Act. Holm, 609 F.Supp.3d at 1179 (citing Moore v. Noble Drilling Co., 637 F.Supp. 97, 99 (E.D. Tex. 1986)).

Plaintiff has not stated sufficient facts to demonstrate that she was an employee of any of the defendants for purposes of the Jones Act.

**II. Plaintiff Has Not Alleged Sufficient Facts To Establish She Was A "Seaman" Pursuant To The Jones Act**

In Chandris, Inc. v. Latsis, 515 U.S. 347, 368 (1995), the United States Supreme Court set forth a two-prong test to determine whether a plaintiff is a "seaman" who is entitled to coverage pursuant to the Jones Act.

First, the employee's duties must "contribute to the function of the vessel or to the accomplishment of its mission." Id.

Second, the employee "must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." Id. The United States Supreme Court explained that the purpose of the second requirement is to "separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who only have a transitory or sporadic connection to a vessel in navigation." Id.

The Court ruled that a "maritime worker who spends only a small fraction of his working time on board a vessel is

9

fundamentally land based and therefore not a member of the vessel's crew, regardless of what his duties are." Id. at 371. Generally, a worker who spends "less than about 30 percent of his time in the service of a vessel in navigation" does **not** qualify as a seaman under the Jones Act. Id.

Ultimately, the test is "fundamentally status based" and the United States Supreme Court has equated the question of who is a "seaman" to the determination of who is a member of the vessel's crew. Scheuring v. Traylor Bros, 476 F.3d 781, 785 (9th Cir. 2007) (citing Chandris, 515 U.S. at 356, 361).

Courts have regularly ruled that the Jones Act does not cover probable or expectant seamen but only seamen who are actively members of the vessel's crew in navigation. Desper v. Starved Rock Ferry Co., 342 U.S. 187, 190-91 (1952) (explaining that the Jones Act does not apply to shore-based personnel who might be crew in the future).  For example, workers hired to help repair and perform maintenance on a vessel while it was laid up for the winter were not seamen for purposes of the Jones Act. Heise v. Fishing Co. of Alaska, 79 F.3d 903, 906-07 (9th Cir. 1996).  The Ninth Circuit Court of Appeals ruled that a crane operator working aboard a crane barge was not covered under the Jones Act because his work was not "primarily sea-based." Cabral v. Healy Tibbits Builders, Inc., 128 F.3d 1289, 1293 (9th Cir. 1997).

Here, Plaintiff alleges that she was employed "to work aboard the USS *William P. Lawrence* (DDG-110) (the 'Vessel') in a

10

graving dock at Pearl Harbor Naval Shipyard to perform industrial painting, blasting, cleaning, and other related work in a containment." (FAC at ¶ 10, ECF No. 36). There are no facts to establish that Plaintiff's connection to the subject vessel is "substantial in terms of both its duration and its nature" for purposes of stating a claim pursuant to the Jones Act. See Chandris, 515 U.S. at 368.

The purpose of the two-prong test is to separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers whose employment does not "regularly expose them to the perils of the sea." Id. Plaintiff's allegations that she performed industrial painting, blasting, cleaning, and other work in a containment while the vessel was in a graving dock fails to demonstrate that Plaintiff was a seaman for purposes of the Jones Act.

Plaintiff has provided no allegations that she spent any time on the vessel while in navigation. Chandris, 515 U.S. at 371. A land-based worker who spends 100% of her time on board a vessel but did not include any seagoing activity is not a seaman for purposes of the Jones Act. Gipson v. Kajima Eng'g & Const., Inc., 173 F.3d 860, *1 (9th Cir. 1999) (unpublished) (citing Harbor Tug and Barge Co. v. Papai, 520 U.S. 548, 559-60 (1997)).

In order to state a claim pursuant to the Jones Act, Plaintiff must assert sufficient facts to demonstrate the nature and duration of her employment, including her total amount of seagoing activity, in order to satisfy the "substantial

11

connection" test set forth by the United States Supreme Court in Chandris, 515 U.S. at 368.

Plaintiff's claim in Count III for "Jones Act Negligence against IMIA" is **DISMISSED** for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff is **GRANTED LEAVE TO AMEND**.

### III. Plaintiff Has Failed To State A Maintenance And Cure Claim

The First Amended Complaint seeks to bring a claim against "IMIA" as Plaintiff's employer for "maintenance, cure, and unearned wages" pursuant to the Jones Act. (FAC at p. 14, ECF No. 36).

Just as with a Jones Act negligence claim, in order to recover maintenance and cure from a defendant, a plaintiff must establish that she was (1) employed by the defendant at the time of the injury and (2) a seaman within the meaning of the Jones Act. Larrison v. Ocean Beauty Seafoods, LLC,    F.Supp.3d   , 2023 WL 197271, *3 (W.D. Wash. Jan. 17, 2023); see Vaughan v. Atkinson, 369 U.S. 527, 532-33 (1962).

As explained above, Plaintiff has failed to state sufficient facts to demonstrate that any of the defendants was her employer at the time of her alleged injuries. The First Amended Complaint also fails to allege sufficient facts to establish that Plaintiff was a "seaman" within the meaning of the Jones Act. See Bauer v. MRAG Americas, Inc., Civ. No. 08-00582 DAE-BMK, 2009 WL 10695613, at *3 (D. Haw. Sept. 23, 2009) (explaining that a claim for

12

maintenance and cure requires plaintiff be a seaman within the meaning of the Jones Act).

Plaintiff's claim in Count IV for "Maintenance, Cure, and Unearned Wages against IMIA" is **DISMISSED** for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff is **GRANTED LEAVE TO AMEND.**

### IV. Plaintiff Has Failed To State A Claim Against Defendant Doug Eiss

The First Amended Complaint asserts that Count V is brought against Defendant Doug Eiss for "Willful and Wanton Misconduct." Plaintiff alleges that Doug Eiss was employed by "IMIA in a supervisory capacity responsible for jobsite safety for IMIA's work on the Vessel." (FAC at ¶ 63, ECF No. 36).

Defendant Eiss argues that he is immune from liability because Plaintiff was not a "seaman" within the meaning of the Jones Act, but rather she was a Longshoreman who is currently receiving workers' compensation benefits pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 933.

Defendants argues that Section (i) of the Longshore and Harbor Workers' Compensation Act precludes Plaintiff from suing Defendant Eiss. See Calder v. Crall, 726 F.2d 598, 599 (9th Cir. 1984).

The First Amended Complaint has failed to set forth sufficient allegations to plausibly state a claim against Defendant Eiss. There are no facts to establish which entity

13

employed Eiss. Plaintiff has not established a basis to sue Defendant Eiss individually. The First Amended Complaint contains merely legal conclusions, and there are insufficient facts to assert a claim for negligence with respect to Defendant Eiss regarding legal duty, breach, or causation.

Plaintiff's claim in Count V against Defendant Eiss is **DISMISSED** for failure to plausibly state a claim. Plaintiff is **GRANTED LEAVE TO AMEND**. Plaintiff must allege sufficient facts to demonstrate the legal and factual basis that Defendant Eiss may be personally liable to her for purported "willful and wanton misconduct." In order to plausibly state a claim, Plaintiff must set forth facts to establish she is entitled to recover damages from Defendant Eiss and that 33 U.S.C. § 933(i) does not bar recovery.

## CONCLUSION

Defendants International Marine and Industrial Applicators, LLC; IMIA, LLC; IMIA Holdings, Inc.; and, Doug Eiss's Motion to Dismiss (ECF No. 67) is **GRANTED WITH LEAVE TO AMEND**.

Plaintiff is given **LEAVE TO AMEND** and may file a Second Amended Complaint on or before Thursday, September 7, 2023. The Second Amended Complaint must conform to the rulings contained in this Order. Plaintiff is cautioned that the Second Amended Complaint must address the issues identified in the Order, including providing specific facts as to how each individual defendant is liable for each cause of action. Plaintiff must

provide sufficient allegations to plausibly state a claim pursuant to Iqbal/Twombly.

Plaintiff may not allege any new causes of action in the Second Amended Complaint. Plaintiff may not add any additional defendants in the Second Amended Complaint.

Failure to file a Second Amended Complaint or to comply with the rulings in this Order on or before Thursday, September 7, 2023, will result in automatic dismissal with prejudice of all of the claims dismissed in this Order against Defendants International Marine and Industrial Applicators, LLC; IMIA, LLC; IMIA Holdings, Inc.; and Doug Eiss.

IT IS SO ORDERED.

DATED: July 19, 2023, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Ashley Cooper v. Vigor Marine, LLC; Vigor Industrial, LLC; Brandsafway Industries, LLC; Brandsafway Services, LLC; Brandsafway Solutions, LLC; International Marine and Industrial Applicators, LLC; IMIA, LLC; IMIA Holdings, Inc.; Doug Eiss; Doe Individuals 1-10; Doe Corporations 1-10; Doe Partnerships 1-10; Doe Entites 1-10; Civ. No. 22-00275HG-RT; **ORDER GRANTING DEFENDANTS INTERNATIONAL MARINE AND INDUSTRIAL APPLICATORS, LLC; IMIA, LLC; IMIA HOLDINGS, INC.; AND, DOUG EISS'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (ECF No. 67) WITH LEAVE TO AMEND**